UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. LEE,

                         Plaintiff,

                -against-

JOHN DOES 1&2, NEW YORK COUNTY
MIDTOWN 53RD POLICE PRECENT; JOHN
DOE & JANE DOE, N.Y. COUNTY
DISTRICT ATTORNEY OFFICE,

                         Defendants.

20-CV-9290 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

          Plaintiff, currently detained in the Vernon C. Baine Center on Rikers Island, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional

rights. He sues a Jane Doe New York County Assistant District Attorney ("ADA"), a John Doe

New York County ADA, and two John Doe New York City Police Department ("NYPD")

officers. By order dated November 20, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below,

the Court dismisses the complaint.

**STANDARD OF REVIEW**

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are taken from the complaint. On January 15, 2020, Plaintiff was "picked up" at his home by the Defendant John Doe police officers and taken to an interview room at the New York Police Department's 53rd Midtown Precinct for interrogation. (ECF No. 2, at 4.)

Plaintiff describes the events leading to his arrest as follows: While Plaintiff was "walking back & forth cussing" about the assault and robbery, he was approached by a woman "with a very well known past and current history [of] assaulting people" without provocation.[2] (*Id.*) The woman attacked Plaintiff with an "object" she held in her hand, causing him to push her. (*Id.*) She attacked Plaintiff with her suitcase and he threw her to the ground and punched her "to isolate the dangerous threat" she posed. (*Id.* at 5.) Plaintiff alleges that he was then arrested on "false charges." (*Id.*)

Plaintiff asserts that the Defendant officers and the ADAs knew that he was attacked and robbed, and was mentally and emotionally "unstable" at the time of the incident with the woman. (*Id.* at 6.) The ADAs stated that his was a "high profile case (i.e. that it reached the news, the media, and Internet)." (*Id.*) The ADAs "also mentioned unrelated to anything law, rules, moreso procedures allow them based on bias & prejudicial things (her gender and age)." (*Id.*)

Plaintiff alleges that during the grand jury proceedings, the assigned ADA was "not playing advocate and public officer as procedural law requires." (*Id.*) Plaintiff suggests that this ADA mislead the grand jury by tampering with security camera footage and "not presenting MOST important probable cause evidence police detectives audio/video interrogation interview,

---

[2] Plaintiff uses irregular capitalization throughout the complaint. For readability, the Court uses standard capitalization when quoting from the complaint.

etc. al.)." (*Id.* at 6.) Plaintiff further alleges that both ADAs "hinder[ed] key witnesses," including their own witnesses and Plaintiff's witnesses, and that the ADA "Did not present a defense as laws, rules, require, and procedures also mandate them to do." (*Id.*) (emphasis in original).

On September 17, 2020, Plaintiff presented all of these issues at a motions hearing to dismiss or reduce the felony indictment. He asserts that his motions "were dismissed wrongfully, given no reasons just an abuse of the judge(s) authority." (*Id.*) By denying Plaintiff's motions, the judge was "assisting this illicit, illegitimate, unconstitutional conspiracy, to corrupt, cover-up the actual facts and laws that go along with the TOTAL & COMPLETE probable cause evidence." (*Id.* at 6-7) (emphasis in original).

Plaintiff seeks money damages and an order directing that the charges against him be dismissed or "remitted back to the presiding judge to be dismissed." (*Id.* at 5.)

## DISCUSSION

### A.    Intervention in criminal proceedings

Records maintained by the New York State Unified Court System show that the criminal charges against Plaintiff are currently pending. The Court must dismiss any claims that Plaintiff asserts in which he asks the Court to intervene in his state criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Plaintiff alleges

no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court therefore cannot intervene in his criminal proceedings and dismisses such claims for injunctive relief and declaratory relief.

The Court cannot dismiss, however, Plaintiff's claims for damages under *Younger*. "[A]bstention and dismissal are inappropriate when damages are sought . . . even when a pending state [criminal] proceeding raises identical issues and [the federal district court] would dismiss otherwise identical claims for declaratory and injunctive relief." *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("[E]ven if the *Younger* doctrine requires abstention . . ., the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."). The Court therefore considers below whether Plaintiff states a claim on which relief can be granted against any defendant. Because Plaintiff alleges that Defedants violated his federal constitutional rights, the Court construes his claims for money damages as arising under 42 U.S.C. § 1983.

## B.     Prosecutorial immunity

The Court must dismiss Plaintiff's § 1983 claims for damages against the John and Jane Doe Assistant District Attorneys. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but

are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against the John and Jane Doe ADAs are based on actions within the scope of those defendants' official duties and associated with the conduct of a trial. The Court therefore dismisses these claims because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## C.    Damages claims against officers

The Court construes Plaintiff's allegations as asserting claims under § 1983 of false arrest and malicious prosecution.[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### 1.    False arrest

For the elements of a § 1983 false-arrest claim, the Court first looks to state law. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide

---

[3] Plaintiff asserts that he is being falsely imprisoned. "False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)).

rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State).

To establish a false-arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Plaintiff fails to allege facts suggesting that the police officers did not have probable cause to arrest him on January 15, 2020. His assertions suggest that "the facts known by the arresting officer[s] at the time of the arrest objectively provided probable cause to arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). He states in the complaint that he pushed and punched a woman. He maintains that he was defending himself. But Plaintiff's allegations

indicate that the facts and circumstances were sufficient to warrant a person of reasonable caution to believe that he had committed a crime and that the police had probable cause to arrest him. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). The Court therefore dismisses Plaintiff's § 1983 claims against the two John Doe NYPD officers for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Malicious prosecution

The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Thus, because favorable termination is an element of a malicious prosecution claim, a plaintiff cannot state such a claim if his criminal proceeding is pending. *See Wallace*, 549 U.S. at 394. Here, Plaintiff has alleged no facts suggesting that the prosecution was terminated in his favor, and records maintained by the New York State Unified Court System reflect that Plaintiff's criminal proceedings are ongoing. The Court therefore dismisses Plaintiff's § 1983 claims for malicious prosecution for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.    *Habeas corpus* relief

To the extent Plaintiff seeks release from custody, the Court liberally construes his submission as a *habeas corpus* petition filed under 28 U.S.C. § 2241. Under § 2241(c)(3),

*habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A convicted prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law may seek *habeas corpus* relief in a petition brought under § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, however, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Here, Plaintiff has alleged no facts suggesting that he has exhausted state-court remedies by seeking *habeas corpus* relief in the state courts and appealing to the New York Court of Appeals. Because Plaintiff does not show that he exhausted his available state-court remedies before filing his § 2241 petition in this Court, the Court denies without prejudice any application for relief under § 2241.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for money damages for failure to state a claim on which relief may be granted, for seeking monetary relief from defendants who are immune from such relief, and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court dismisses Plaintiff's claims under § 1983 for injunctive relief under the *Younger* abstention doctrine.

The Court denies without prejudice any application for *habeas corpus* relief under 28 U.S.C. § 2241.

SO ORDERED.

Dated:    December 9, 2020
          New York, New York

                                        *Louis L. Stanton*
                                        LOUIS L. STANTON
                                        U.S.D.J.